MANNING V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-411-CR

ANTHONY MANNING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Anthony Manning appeals his conviction, twenty-five-year sentence, and $100 fine for possession of 400 or more grams of a controlled substance with intent to deliver.  In his sole point, appellant contends that he was denied effective assistance of counsel during the punishment phase at trial.  We affirm.

II. Background Facts

On May 23, 2005, appellant entered an open plea of guilty to the offense of possession of 400 or more grams of a controlled substance with intent to deliver.  On September 22, 2005, appellant entered a plea in bar, admitting his guilt in two other cases in which he was charged with possession of a controlled substance under one gram.  That same day, the trial court assessed appellant’s punishment at twenty-five years in the Institutional Division of the Texas Department of Criminal Justice and a $100 fine.

III. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his 
counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).  “Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

Here, appellant has failed to provide us with a reporter’s record for review.  Appellant and his attorney signed the written plea admonishments which contained a waiver of “the attendance and record of a court reporter under Rule 13.1, Texas Rules of Appellate Procedure.”  Without evidence to the contrary, we presume appellant received reasonably professional assistance.  
See 
Salinas
, 163 S.W.3d at 740.  
Because appellant failed to provide evidence tending to show that 
his attorney’s representation fell below the standard of prevailing professional norms
, we hold that appellant has not carried his burden of proof to establish ineffective assistance of counsel. 
 
See Strickland
, 466 U.S. at 687, 104 S. Ct. at 2065. 
 Therefore, we overrule appellant’s sole point.

IV. Conclusion

Having overruled appellant’s sole point, we affirm the trial court’s judgment.    

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 April 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.